UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AMADOU WANE
    Plaintiff,

Vs.                              CASE NO: 8:20-cv-00171-WFJ-CPT

SOKONA DIALLO,
LADY MIND HOOKAH,
PIMAP LLC,
    Defendants.
_____/

### DEFENDANT'S ANSWER TO COMPLAINT

Defendants, Sokona Diallo, Lady Mind Hookah and PIMAP LLC, file this motion to dismiss pursuant to Federal RCP 12 (b)(6) for failure to state a claim upon which relief may be granted.

To survive a motion to dismiss, a complaint must assert a plausible claim and it must set forth sufficient fact to support the claim on its face. Ashcroft v Iqbal, 129 S. Ct. 1949-1950. All allegations pleaded are assumed to be true and construed in light of most favorable to the non-moving party. Padilla v Yoo, 678 f 3d 748, 757 (9th Cir 2012). Here, using the above set standard, defendants believe that plaintiff has failed to meet this threshold. The defendants did not assert sufficient facts to meet the standard for each of his claim.  As a consequence, the defendants respectfully request  that the court grant Defendants motion to dismiss and that the plaintiff's claims be dismissed.

In support of this motion, defendants state the grounds for the move to dismiss each count of the defendant's claims as follows:

**FIRST CAUSE OF ACTION: Tortious Interference with prospective business relations**

The standard for this cause of action is that the plaintiff has to show the existence of a business relationship with a party/business, the defendants knew of the business relationship, the defendants intentionally and unjustifiably interfered with the relationship and the plaintiff is damaged by defendants interference. Plaintiff fails to state a cause of action for this first count as Plaintiff fails to state what individual or business he had the prospective business relationship with. Neither does he state how defendants interfered with any business relationship. In fact plaintiff states that he was not party to any contract with third parties. If plaintiff is not able to state enough facts to meet the very first prong of a cause of action for tortious interference with prospective business relationship, he surely cannot sustain this claim. For this reason, this cause of action must be dismissed.

**SECOND CAUSE OF ACTION: Breach of contract and covenant of good faith and fair dealing.**

The standard for this cause of action is that, plaintiff had to show that there was a valid contract between him and defendants, and that the defendants breached the contract. Further Plaintiff had to state how in the course of the contractual relationship, defendants did not act in good faith. Here, plaintiff did not state any particular valid contract he entered into with defendants. In paragraph 26 of the complaint, plaintiff referred to a "sale contract". However, according to plaintiff, that contract was with an iron ore buyer, which plaintiff stated he was not a part of. If there was no valid contract

between plaintiff and defendants, the defendants could not have breached a non-existent contract. If there was no contract, the covenant of good faith and fair dealing would not apply. Therefore, this cause of action must be dismissed.

**THIRD CAUSE OF ACTION: Fraudulent misrepresentation.**

The standard for fraudulent misrepresentation is an intentional false statement/representation concerning a material fact made by an individual, the individual knew that the statement/representation is false, reliance by the complaining party, damages cause by this representation to the complaining party. According to plaintiff, he and Diallo had entered into a business agreement in August 2017, his role, according to his complaint, was to provide seed money to start the business. (Paragraph 2 of the complaint). Plaintiff did not say that his participation in the business was dependent on having his name added to PIMAP as a member. If plaintiff's complaint is to be interpreted in the light most favorable to him to him on this issue, adding his name to PIMAP was because of the Immigration issues facing Diallo. The addition of his name to PIMAP was only for convenience and not a material issue in the so called "partnership" to which plaintiff purportedly contributed. If plaintiff suffered any damage, it was not because of Diallo's representation about amending PIMAP to include him. For this reason, this cause of action must be dismissed.

**FOURTH CAUSE OF ACTION: Unjust enrichment.**

To state a cause of action for unjust enrichment, plaintiff would have to show that plaintiff conferred a benefit on defendant, defendant accepted the benefit, and the

defendant did not offer plaintiff compensation for the benefit. In support of this claim, plaintiff made conclusory statement that "Defendants unjustly enriched themselves by wrongfully converting, taking, utilizing or managing the property and financial interest of Plaintiff", paragraph 83. Nowhere in his complaint does plaintiff say that defendant received any benefit from him. According to him, there was a partnership, it was to this partnership plaintiff, purportedly contributed money. Furthermore, it appears that plaintiff's name was on the business account of PIMAP while he was purportedly contributing money to the business. (Paragraph 6 of the complaint states: "joint business account"). For this reason, this cause of action must be dismissed.

**FIFTH CAUSE OF ACTION: Conversion**

For plaintiff to state a cause of action for conversion, plaintiff had to state that the defendant wrongfully took his property permanently and the deprivation was inconsistent with plaintiff's ownership interest and plaintiff suffered a loss. In plaintiff's complaint, nowhere does he state that defendants wrongfully took his property. Instead, he stated that he willingly provided money to defendants, e.g. plaintiff stated "plaintiff brought into the partnership over three thousand dollars" paragraph 2, "Diallo requested ten thousand dollars... she received the money, paragraph 24, and: Plaintiff gave Diallo sixty five thousand dollars", paragraph 32. Since plaintiff does not provide any information to satisfy the requirement of wrongful taking of his property, the plaintiff has failed to state a cause of action in conversion. For this reason, this cause of action must be dismissed.

**WHEREFORE**, the defendants respectfully request that this court grants the motion to dismiss the complaint for failure to state a cause of action.

Respectfully Submitted.

_____
**FEHINTOLA OGUNTEBI**
1904 West Cass Street
Tampa, Florida 33606
(813) 254-8717
kemi@oguntebilaw.com
Florida Bar # 049042
Attorney for Defendants

## CERTIFICATE OF SERVICE

I certify that a copy of the Defendants Answer to Complaint has been served by U.S. Mail to Amadou Wane, at 13046 Racetract Rd., #118, Tampa, Florida 33626, on this 27th day of March 2020.

_____
**FEHINTOLA OGUNTEBI**