UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


AMADOU WANE,

     Plaintiff,

v.                                   Case No. 8:20-cv-171-WFJ-CPT

SOKONA DIALLO,
LADY MIND HOOKAH,
PIMAP LLC, 1738 LOUNGE LLC,

     Defendants.
_____/

BANK OF AMERICA, N.A.,

     Garnishee.
_____/


**O R D E R**

     Before the Court is *pro se* Plaintiff Amadou Wane's *Motion for Issuance of Writ of Garnishment*. (Doc. 146). By way of his motion, Mr. Wane seeks a writ to assist him in satisfying a May 6, 2021, Judgment in the amount of $325,149.75 entered in Mr. Wane's favor against Defendant Sokona Diallo, among others. *Id.*; (Doc. 130). According to Mr. Wane, that Judgment remains unsatisfied, and Garnishee Bank of America, N.A., may have in its possession or control money or property belonging to Ms. Diallo sufficient to satisfy the Judgment either in whole or in part. (Doc. 146).

The Defendants have not filed any objections to Mr. Wane's motion, and the time for doing so has expired. M.D. Fla. R. 3.01(c). The matter is therefore ripe for the Court's consideration.

Pursuant to Federal Rule of Civil Procedure 69, the Court looks to the procedures of Florida law that govern the execution of a judgment in addressing motions for writs of garnishment. Fed. R. Civ. P. 69(a). Those procedures are found in Chapter 77 of the Florida Statutes and allow for the recovery of a money judgment via such a writ. § 77.01, Fla. Stat. ("Every person or entity who has sued to recover a debt or has recovered judgment in any court against any person or entity has a right to a writ of garnishment.").

In Florida, once a judgment has been entered but before a writ of garnishment is issued, a party seeking the writ must file a motion identifying the amount of the judgment. *Id.* § 77.03. The writ itself must also set forth the amount owed and direct the garnishee to perform the following tasks: (1) serve an answer on the movant within twenty days after service of the writ stating whether the garnishee is indebted to the debtor at the time of the answer, or was indebted at the time of service of the writ, or was indebted at any time in between; (2) describe what sum and what tangible or intangible personal property of the debtor the garnishee possesses or controls at the time of the answer, or had at the time of service of the writ, or at any time in between; and (3) disclose whether the garnishee knows of any other person indebted to the debtor, or who may possess or control any of the debtor's property. *Id.* § 77.04.

Mr. Wane's motion and his proposed writ of garnishment satisfy these statutory requirements.  Accordingly, it is hereby ORDERED:

1.      Mr. Wane's *Motion for Issuance of Writ of Garnishment* (Doc. 146) is granted.

2.      The Clerk of Court is instructed to issue the Writ of Garnishment attached to Mr. Wane's motion, which is directed to Garnishee Bank of America, N.A. (Doc. 146-1).  In addition, the Clerk must include with the Writ of Garnishment the "Notice to Defendant of Right against Garnishment of Wages, Money, and other Property" and the "Claim of Exemption and Request for Hearing" as mandated by Chapter 77 of the Florida Statutes (collectively, Notice to Defendant).[1]

3.      Mr. Wane is directed to comply with both the service requirements of Chapter 77 of the Florida Statutes and any applicable Federal Rules of Civil Procedure.  The Court cautions Mr. Wane that the Florida procedure to be followed for writs of garnishment is complex, and that Florida law—and, by extension, Rule 69—demands strict compliance with that procedure.

SO ORDERED in Tampa, Florida, this 2nd day of November 2021.

HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

---

[1] Because Section 77.041 of the Florida Statutes obligates the Clerk of Court, rather than the movant, to draft the above-referenced Notice to Defendant, the Court has done so here and has attached that notice hereto as an exhibit.  *See infra*, at 5–10.

3

Copies to:
Counsel of record
Any unrepresented party

# Exhibit 1

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AMADOU WANE,

     Plaintiff,

v.                                Case No. 8:20-cv-171-WFJ-CPT

SOKONA DIALLO,
LADY MIND HOOKAH,
PIMAP LLC, 1738 LOUNGE LLC,

     Defendants.

_____/

**NOTICE TO DEFENDANT OF RIGHT AGAINST
GARNISHMENT OF WAGES, MONEY,
<u>AND OTHER PROPERTY</u>**

The Writ of Garnishment delivered to you with this Notice means that wages, money, and other property belonging to you have been garnished to pay a court judgment against you.  HOWEVER, YOU MAY BE ABLE TO KEEP OR RECOVER YOUR WAGES, MONEY, OR PROPERTY. READ THIS NOTICE CAREFULLY.

State and federal laws provide that certain wages, money, and property, even if deposited in a bank, savings and loan, or credit union, may not be taken to pay certain types of court judgments.  Such wages, money, and property are exempt from garnishment.  The major exemptions are listed below on the form for Claim of Exemption and Request for Hearing.  This list does not include all possible exemptions.  You should consult a lawyer for specific advice.

     IF AN EXEMPTION FROM GARNISHMENT APPLIES TO YOU AND YOU WANT TO KEEP YOUR WAGES, MONEY, AND

6

OTHER PROPERTY FROM BEING GARNISHED, OR TO RECOVER ANYTHING ALREADY TAKEN, YOU MUST COMPLETE A FORM FOR CLAIM OF EXEMPTION AND REQUEST FOR HEARING AS SET FORTH BELOW AND HAVE THE FORM NOTARIZED. IF YOU HAVE A VALID EXEMPTION, YOU MUST FILE THE FORM WITH THE CLERK'S OFFICE WITHIN 20 DAYS AFTER THE DATE YOU RECEIVE THIS NOTICE OR YOU MAY LOSE IMPORTANT RIGHTS. YOU MUST ALSO MAIL OR DELIVER A COPY OF THIS FORM TO THE PLAINTIFF OR THE PLAINTIFF'S ATTORNEY AND THE GARNISHEE OR THE GARNISHEE'S ATTORNEY AT THE ADDRESSES LISTED ON THE WRIT OF GARNISHMENT. NOTE THAT THE FORM REQUIRES YOU TO COMPLETE A CERTIFICATION THAT YOU MAILED OR HAND DELIVERED COPIES TO THE PLAINTIFF OR THE PLAINTIFF'S ATTORNEY AND THE GARNISHEE OR THE GARNISHEE'S ATTORNEY.

If you request a hearing, it will be held as soon as possible after your request is received by the court. The plaintiff or the plaintiff's attorney must file any objection within eight business days if you hand delivered to the plaintiff or the plaintiff's attorney a copy of the form for Claim of Exemption and Request for Hearing or, alternatively, fourteen business days if you mailed a copy of the form for claim and request to the plaintiff or the plaintiff's attorney. If the plaintiff or the plaintiff's attorney files an objection to your Claim of Exemption and Request for Hearing, the clerk will notify you and the other parties of the time and date of the hearing. You may attend the hearing with or without an attorney. If the plaintiff or the plaintiff's attorney fails to file an objection, no hearing is required, the writ of garnishment will be dissolved, and your wages, money, or property will be released.

IF YOU HAVE A VALID EXEMPTION, YOU SHOULD FILE THE FORM FOR CLAIM OF EXEMPTION IMMEDIATELY TO KEEP YOUR WAGES, MONEY, OR PROPERTY FROM BEING APPLIED TO THE COURT JUDGMENT. THE CLERK CANNOT GIVE YOU LEGAL ADVICE. IF YOU NEED LEGAL ASSISTANCE, YOU SHOULD SEE A LAWYER. IF YOU CANNOT AFFORD A PRIVATE LAWYER, LEGAL SERVICES MAY BE AVAILABLE. CONTACT YOUR LOCAL BAR

7

ASSOCIATION OR ASK THE CLERK'S OFFICE ABOUT ANY LEGAL SERVICES PROGRAM IN YOUR AREA.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AMADOU WANE,

     Plaintiff,

v.                                    Case No. 8:20-cv-171-WFJ-CPT

SOKONA DIALLO,
LADY MIND HOOKAH,
PIMAP LLC, 1738 LOUNGE LLC,

     Defendants.
_____/

**CLAIM OF EXEMPTION AND REQUEST FOR HEARING**

I claim exemptions from garnishment under the following categories as checked:

_____ 1. Head of family wages. (Check either a. or b. below, if applicable)
      _____a. I provide more than one-half of the support for a child or other dependent and have net earnings of $750.00 or less per week.
      _____b. I provide more than one-half of the support for a child or other dependent, have net earnings of more than $750.00 per week, but have not agreed in writing to have my wages garnished.
_____ 2. Social Security benefits.
_____ 3. Supplemental Security Income benefits.
_____ 4. Public assistance (welfare).
_____ 5. Workers' Compensation.
_____ 6. Reemployment assistance or unemployment compensation.
_____ 7. Veterans' benefits.
_____ 8. Retirement or profit-sharing benefits or pension money.
_____ 9. Life insurance benefits or cash surrender value of a life insurance policy or proceeds of annuity contract.
_____ 10. Disability income benefits.

_____ 11. Prepaid College Trust Fund or Medical Savings Account.

_____ 12. Other exemptions as provided by law (explain) _____

I request a hearing to decide the validity of my claim.  Notice of the hearing should be given to me at:

Address: _____

Telephone number: _____

I CERTIFY UNDER OATH AND PENALTY OF PERJURY that a copy of this CLAIM OF EXEMPTION AND REQUEST FOR HEARING has been furnished by (circle one) United States mail or hand delivery on (insert date) _____, to: (insert names and addresses of Plaintiff or Plaintiff's attorney and of Garnishee or Garnishee's attorney to whom this document was furnished) _____ _____.

I FURTHER CERTIFY UNDER OATH AND PENALTY OF PERJURY that the statements made in this request are true to the best of my knowledge and belief.

_____                    _____

Defendant's signature                                                 Date

STATE OF FLORIDA

COUNTY OF _____

Sworn and subscribed to before me this _____ day of _____ (month and year), by _____ (name of person making statement).

_____

Notary Public/Deputy Clerk

_____ Personally Known OR _____ Produced Identification

Type of Identification Produced: _____