UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AMANDOU WANE,

    Plaintiff,

v.                                                    Case No. 8:20-cv-171-WFJ-CPT

SOKONA DIALLO, et al.,

    Defendants,
_____/

BANK OF AMERICA, N.A.,

    Garnishee.
_____/

### REPORT AND RECOMMENDATON

    Before me on referral is *Plaintiff[ Amandou Wane]'s Unopposed Motion for Entry of Final Judgment in Garnishment on the Pleadings against Garnishee Bank of America[,] N.A.* (Doc. 154). By way of his Motion, Mr. Wane seeks the entry of a final judgment in garnishment against Bank of America, N.A. (Bank of America) in order to satisfy an allegedly outstanding final judgment entered in favor of Mr. Wane and against Defendant Sokona Diallo and others. *Id.* For the reasons set forth below, I respectfully recommend that Mr. Wane's motion be granted.

    As required by Federal Rule of Civil Procedure 69, I begin my analysis with a discussion of the procedures of Florida law governing the execution of a judgment.

*See* Fed. R. Civ. P. 69(a) (stating that "[a] money judgment is enforced by a writ of execution, unless the court directs otherwise," and that "[t]he procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located"). Those procedures are found in Chapter 77 of the Florida Statutes, to which I now turn.

Under section 77.03, a plaintiff who obtains a judgment against a defendant may move for the issuance of a writ of garnishment against the assets of the defendant that are held by a garnishee. Sections 77.055 and 77.06(2) instruct that, upon being served with such a writ, a garnishee is to file an answer identifying, among other information, any accounts the defendant has with the garnishee. *See Watson v. Manasseh Jordan Ministries*, 2018 WL 3761051, at *1 (M.D. Fla. June 12, 2018), *report and recommendation adopted*, 2018 WL 4381188 (M.D. Fla. June 28, 2018).

In addition to serving the writ upon the garnishee, a plaintiff is obligated pursuant to sections 77.041(1) and (2) to serve the defendant with a copy of the writ, the original motion for the writ, and a *Notice to Defendant of Right Against Garnishment of Wages, Money, and Other Property*. Further, once the garnishee's answer is filed, section 77.055 directs the plaintiff to serve the defendant with a copy of the garnishee's answer, as well as a notice advising the defendant that she has twenty days to move to dissolve the writ. Where a defendant does not seek dissolution of the writ within this allotted time frame, the plaintiff may file a motion for final judgment with respect to the sought-after garnishment. *Watson*, 2018 WL 3761051, at *1. If such a motion is granted, "[j]udgment against the garnishee on the garnishee's answer . . . [must] be

2

entered for the amount of [its] liability as disclosed by the answer . . . ." Fla. Stat. § 77.083.

In this case, the Court entered a final judgment in the amount of $325,149.75 against Ms. Diallo and her three co-Defendants, Lady Mind Hookah, Pimap, LLC, and 1738 Lounge, LLC. (Doc. 130). Mr. Wane subsequently sought and obtained a writ of garnishment directed at Bank of America regarding any funds it had in its possession that belonged to Ms. Diallo. (Docs. 146, 148). Mr. Wane then served this writ on both Bank of America (Doc. 152) and Ms. Diallo, and also served Ms. Diallo with a copy of the original motion for the writ, along with the notice required under section 77.041 (Doc. 151). Bank of America thereafter answered the writ, stating that Ms. Diallo had an account with it containing $68.29. (Doc. 150). Mr. Wane mailed a copy of that answer to Ms. Diallo, along with a notice informing her of her right to dissolve the writ within twenty days. (Doc. 153).

The instant motion, filed by Mr. Wane in December 2021, followed. (Doc. 154). Mr. Wane represents in his motion that twenty days have passed since he mailed the dissolution notice to Ms. Diallo, and that—at least as of the filing of his motion—Ms. Diallo had not raised any objections or moved to dissolve the writ. *Id*. Mr. Wane additionally represents that the $325,149.75 judgment entered against Ms. Diallo and her co-Defendants remains outstanding.

In light of the above, I find that Mr. Wane has met the statutory requirements for the entry of a judgement of garnishment against Bank of America. Accordingly, I respectfully recommend that the Court:

3

1.  Grant *Plaintiff's Unopposed Motion for Entry of Final Judgment in Garnishment on the Pleadings against Garnishee Bank of America[,] N.A.* (Doc. 154); and

2.  Enter a final judgment of garnishment in favor of Mr. Wane and against Garnishee Bank of America in the amount of $68.29.

Respectfully submitted this 31st day of January 2022.

HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

### NOTICE TO PARTIES

A party has fourteen (14) days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections, or to move for an extension of time to do so, waives that party's right to challenge on appeal any unobjected-to factual finding(s) or legal conclusion(s) the District Judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Copies to:
Honorable William F. Jung, United States District Judge
Counsel of Record
*Pro se* Plaintiff